IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

Civil Action # 10CV5299-3

CHristopher PAtteRson

_____

_____

Plaintiff

VS

MIGHTY Muffler Shop,
INC. & Mighty Muffler
of Candler Road, Inc.
Defendant

Registered Agent:
Linda J. Van Dover
2435 Wall St, Ste 104
Conyers, GA 30013

SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

G. Franklin Lemond, Jr., Esq.
1900 The Exchange SE, Ste 480
Atlanta, GA 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, or if service by publication within 60 days of judges order of publication, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____20____ day of ____April____, 20 10 .

Linda Carter
Clerk of Superior Court

By _Denese Ingram_
Deputy Clerk

EXHIBIT
A

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

CHRISTOPHER PATTERSON,          )
on behalf of himself and all others   )
similarly situated,             )
                                )
                Plaintiff,      )
                                )
v.                              )          CIVIL ACTION
                                )
MIGHTY MUFFLER SHOP, INC., and  )          FILE NO. 10-CV-5299-3
MIGHTY MUFFLER OF CANDLER       )
ROAD, INC.,                     )
                                )
                Defendants.     )          **JURY DEMAND**
                                )

## COMPLAINT

Plaintiff Christopher Patterson, by and through his attorneys of record, files this Complaint for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and damages. This Complaint is based upon the current information and belief of Plaintiff, who hereby allege as follows:

### PARTIES

1.

Plaintiff Christopher Patterson ("Mr. Patterson" or "Plaintiff") is an African-American male citizen of the United States of America and the State of Georgia, residing in DeKalb County. Mr. Patterson currently resides at 2020 Corners Circle, Lithonia, Georgia 30058.



2.

Defendants Mighty Muffler Shop, Inc. and Mighty Muffler of Candler Road, Inc. ("Mighty Muffler" or "Defendants") are Georgia corporations. Mighty Muffler of Candler Road, Inc. is located at 2050 Candler Road, Decatur, Georgia 30032. Mighty Muffler may be served via its registered agent Linda J. Van Dover at 2435 Wall Street, Suite 104, Conyers, Georgia 30013.

3.

Defendants constitute an employer within the meaning of federal and Georgia state law.

JURISDICTION AND VENUE

4.

Jurisdiction is vested in this Court pursuant to Georgia Constitution Article 6, Section 4, Paragraph 1.

5.

Venue appropriately lies in this Court pursuant to Georgia Constitution, Article 6, Section 2, Paragraph 6.

FACTUAL ALLEGATIONS

6.

Mr. Patterson began working for Defendants in January 2001. Mr. Patterson was hired by Defendants as a technician and was employed by Defendant until approximately January 6, 2009.

7.

Mr. Patterson was qualified for the position of technician.

8.

Throughout his employment, Plaintiff performed his job duties in an acceptable manner and to the reasonable expectations of his employer, as evidenced by his continued employment and advancement over his eight years of employment.  This is further evidenced by the fact that Mr. Patterson received multiple raises during his tenure with Defendants.

9.

On or about March 11, 2009, Plaintiff filed a Charge of Discrimination with the EEOC, alleging that he had been discriminated against on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended.  Mr. Patterson also alleged that he was a victim of disparate treatment by Defendants during his term of employment.

10.

More than 180 days has elapsed since Plaintiff filed his March 11, 2009 Charge and the EEOC had not completed its investigation in connection with said Charge.  On or about January 11, 2010, pursuant to 29 C.F.R. § 1601.28(a)(1), Plaintiff, through legal counsel, made a written request for the EEOC to issue a Notice of Right to Sue in connection with the Charge.  On or about January 20, 2010, the EEOC issued Plaintiff a Notice of Right to Sue.  A copy of said Notice is attached hereto as Exhibit A.

11.

Immediately after being hired by Defendant in January of 2001, Mr. Patterson began to be subjected to discrimination and disparate treatment based upon his race.

3

12.

For example, during one of his first meetings with the owner of Defendant, Linda Van Dover, Mrs. Van Dover openly commented that Mr. Patterson "didn't look like he knew anything about cars."

13.

African American employees like Mr. Patterson were subjected to disparate treatment than White and Latino employees during Plaintiff's tenure with Defendant in numerous ways.

14.

By way of example, during Mr. Patterson's employment, a white employee of Mighty Muffler was caught doing illegal drugs while "on the clock" at work, but was not fired or otherwise reprimanded for such conduct. In fact, this employee was subsequently promoted and placed in a supervisory position over the Mighty Muffler location in Duluth, Georgia.

15.

In contrast, African-American employees were not afforded such liberties and were specifically told by Ms. Van Dover and other agents of Mighty Muffler that any use of illegal drugs while working at Mighty Muffler would result in immediate termination.

16.

As a condition of their employment, African-American employees were required to obtain certification from the State of Georgia that would allow them to perform emissions inspections, yet Latino employees were not required to obtain emissions certifications in order to be employed by Defendant.

17.

Upon information and belief, such a requirement was not placed upon Latino employees because of the State requirement that emissions inspectors have valid Georgia drivers' licenses in order to become certified by the State of Georgia.

18.

Mighty Muffler also treated White employees more favorably than African-American employees like Mr. Patterson with respect to the handling of citations issued by the State of Georgia for improperly performed emissions tests.

19.

By way of example, if an emissions inspector performed an emissions test improperly or improperly passed a car that failed an emissions test, the inspector would be issued a citation by the State, which the inspector would have to respond to in certain circumstances.

20.

Certain violations could result in the suspension or forfeiture of the inspector's certification license from the State of Georgia.

21.

When white employees received citations from the State of Georgia for improper emissions inspections, Mighty Muffler and Mrs. Van Dover would provide them with legal representation to defend the citations. However, African-American employees were not afforded the same privilege.

22.

Mr. Patterson was issued citations by the State accusing him of performing improper emissions inspections, yet unlike White employees of Mighty Muffler, Mr. Patterson was not provided with legal representation to assist Mr. Patterson in defending himself against the citations.

23.

As a result, Mr. Patterson's emissions certification was revoked by the State of Georgia.

24.

In contrast, White employees that were provided legal representation by Mighty Muffler and/or Mrs. Van Dover were quite often able to preserve their emissions certifications/licenses or have their licenses suspended for a specific duration of time rather than losing their licenses outright.

25.

Mr. Patterson ultimately was the victim of an adverse employment action.

26.

Initially, beginning in the fall of 2008, Mr. Patterson began to have his hours of work decreased by Defendant from consistently meeting or exceeding 40 hours a week to around 20 hours a week.

27.

While Defendant informed Mr. Patterson that his hours were being decreased due to "lack of work," the hours of the White and Latino employees did not likewise decrease during this time period.

6

28.

Ultimately, on or about January 6, 2009, Mr. Patterson's employment with Mighty Muffler was terminated.

29.

Mr. Patterson was informed that he was terminated due to "lack of work."

30.

Defendant's alleged reason for terminating Plaintiff's employment was false and a pretext for unlawful discrimination.

31.

Following Mr. Patterson's termination, Defendant hired a non-African-American employee to take Plaintiff's position.

REQUESTS FOR INDIVIDUAL RELIEF

COUNT ONE

DISCRIMINATION IN VIOLATION OF TITLE VII

32.

Plaintiff incorporates by reference the allegations in Paragraphs 1-31 above as if set forth verbatim herein.

33.

The actions of Defendant in terminating Plaintiff and subsequently hiring a non-African-American employee to replace Mr. Patterson was done in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, *et seq.*

34.

As a result of the Defendant's unlawful discriminatory conduct, Plaintiff has suffered mental, emotional, and financial harm.

35.

Defendant engaged in the aforementioned discriminatory practice with malice or reckless indifference to the federally protected rights of Plaintiff and as a result, he is entitled to punitive damages.

## COUNT TWO

## DISPARATE TREATMENT IN THE WORKPLACE

36.

Plaintiff incorporates by reference the allegations in Paragraphs 1-31 above as if set forth verbatim herein.

37.

The actions of Defendant in treating African-American employees, including Mr. Patterson in a less favorable fashion than White and/or Latino was done in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, *et seq.*

38.

As a result of the Defendant's unlawful discriminatory conduct, Plaintiff has suffered mental, emotional, and financial harm.

39.

Defendant engaged in the aforementioned discriminatory practice with malice or reckless indifference to the federally protected rights of Plaintiff and as a result, he is entitled to punitive damages.

## CLASS ACTION ALLEGATIONS

40.

Class Plaintiff brings this action both individually and on behalf of all current and former African-American employees of Mighty Muffler who have been subjected to Defendants' pattern and practice of discrimination.

41.

The Class of persons or entities described above is so numerous that joinder of all members by name in one action is impracticable.  All injuries sustained by any member of the Class arise out of the conduct of Defendant's behavior towards Plaintiff and those similarly situated.

42.

Important questions of law and fact exist which are common to the entire Class and predominate over any questions that may affect individual Class Members in that Defendants have acted on grounds generally applicable to the entire Class.

43.

All questions as to the actions attributable to Defendants herein are similarly common.  A determination of liability for such conduct will also be applicable to all members of the Class.

44.

The claims of the Class representative, Mr. Patterson are typical of the claims of the Class in that they suffered damages as a result of Defendants pattern and practice of discrimination.

45.

Plaintiff will fully and adequately represent and protect the interests of the entire Class because of the common injuries and interests of the Class Members and the uniform conduct of Defendant as to all Class Members.

46.

The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards for Defendants under the laws alleged herein.

REQUEST FOR CLASS RELIEF

CLAIM FOR CLASS RELIEF

PATTERN AND PRACTICE OF DISCRIMINATION

47.

Plaintiff incorporates by reference the allegations in Paragraphs 1-31 and 40-46 above as if set forth verbatim herein.

48.

The actions of Defendant in treating African-American employees, including Mr. Patterson in a less favorable fashion than White and/or Latino employees was done in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, *et seq.*

10

49.

This conduct on behalf of Defendants is a result of the pattern and practice of discrimination against all African-American employees including Mr. Patterson.

50.

Indeed, additional former and current employees of Mighty Muffler have come forward and provided statements corroborating that the conduct experienced by Mr. Patterson is the company's standard operating procedure.

51.

As a result of the Defendants' unlawful discriminatory conduct, Plaintiff and the members of the putative class have suffered mental, emotional, and financial harm and Defendants are liable to Plaintiff and the Class resulting from this behavior.

WHEREFORE, Plaintiff Christopher Patterson prays:

(1)     That Summons issue requiring the above-named Defendants to answer each allegation of this Complaint in the time proscribed by law;

(2)     That judgment be entered against Defendants for violations of the rights of Plaintiff under the federal statutes above;

(3)     For restitution, including back pay;

(4)     For an award of such damages as are authorized by law;

(5)     For an award of all reasonable costs and attorneys' fees incurred by Plaintiff pursuant to the Civil Rights Act of 1964, as amended;

(6)     For trial by jury of all matters; and

(7)     For such other and further relief as the Court may deem just and equitable.

DATED this 19th day of April, 2010.

Respectfully submitted,

BY:    WEBB, KLASE & LEMOND, LLC

_____

E. Adam Webb
  Georgia State Bar No. 743910
G. Franklin Lemond, Jr.
  Georgia State Bar No. 141315

1900 The Exchange, SE
Suite 480
Atlanta, Georgia 30339
(770) 444-0773
(770) 444-0271 (fax)

Attorneys for Plaintiff

**SHERIFF'S ENTRY OF SERVICE**

~~Conyers~~
~~Marietta, Georgia~~   *Rockdale*   ~~COBB COUNTY~~

Superior Court ☐   State Court ☐

Attorney's Address

G. Franklin Lemond, Jr., Esq.
1900 The Exchange SE, Ste 480
Atlanta, GA 30339

Civil Action No. 10-CV-5299-3
Date Filed 4/20/10

Name and Address of Party to be Served

Linda I. Van Dover
2435 Wall St, Ste 104
Conyers, GA 30013

_____ Garnishee

Christopher Patterson

_____ Plaintiff

VS.

Mighty Muffler Shop Inc. +
Mighty Muffler of Candler Road, In

_____ Defendant

**PERSONAL** ☐
I have this day served the defendant _____
of the within action and summons _____, personally with a copy

**NOTORIOUS** ☒
I have this day served the defendant _____Linda I Van Dover_____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____Joseph Cass Van Dover_____ described as follows age, about _____ years;
weight, about _100_ pounds; height, about _5_ feet and _11_ inches, domiciled at the residence of defendant.

**CORPORATION** ☐
Served the defendant _____
by leaving a copy of the within action and summons with _____, a corporation
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court. _____

This _____ day of _____, 20___

SHERIFF DOCKET _____   PAGE _____

_____
DEPUTY

~~COBB~~ COUNTY, GEORGIA
*Rockdale*

WHITE: Clerk    CANARY: Plaintiff Attorney    PINK: Defendant

**EXHIBIT
C**