IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTOPHER PATTERSON,  )
On behalf of himself and all others  )  Civil Action No.
similarly situated,  )  1:10-cv-02176-RWS-LTW
  )
  )
Plaintiff,  )
  )
v.  `  )
  )
MIGHTY MUFFLER SHOP, INC.,  )
MIGHTY MUFFLER OF CANDLER  )
ROAD, INC.,  )
  )
Defendants.  )

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Currently before the Court is Defendants Mighty Muffler Shop, Inc. and Mighty Muffler of Candler Road, Inc.'s ("Defendants") Motion to Dismiss. Docket Entry [12]. For the reasons outlined below, this Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**. Docket Entry [12].

## I.     BACKGROUND

Plaintiff Christopher Patterson ("Plaintiff"), who is represented by counsel, initiated the instant employment discrimination action against Defendants on or about April 19, 2010, in the Superior Court of DeKalb County, State of Georgia ("DeKalb Superior Court"). (Compl., Docket Entry [1-1]). In his Complaint, Plaintiff alleges that

Defendants discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Compl. ¶ 9). Plaintiff also purports to bring class allegations on behalf of all current and former African-American employees of Defendants who were allegedly subjected to Defendants' pattern and practice of discrimination. (Compl. ¶¶ 40-51).

While this action was pending in DeKalb Superior Court, Plaintiff served his Complaint on Defendants on June 21, 2010.[1] (Sheriff's Entry of Service, Docket Entry [17-2]). On July 14, 2010, Defendants removed Plaintiff's action to this Court. Docket Entry [1]. Once in this Court, Defendants completed several preliminary litigation tasks. First, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint on July 20, 2010. Docket Entry [2]. In their Answer, Defendants allege that Plaintiff's "Complaint should be dismissed for improper service of process" as their fourth defense. (Id.) Then, on August 6, 2010, Defendants filed their Certificate of Interested Persons. Docket Entry [4]. Next, the parties filed their Joint Preliminary Report and Discovery Plan ("Joint Preliminary Report") on August 19, 2010. Docket Entry [5]. In the Joint Preliminary Report, Defendants indicated that they planned to move to dismiss

---

[1] In their Notice of Removal, Defendants aver that they were served on June 25, 2010. (Notice of Removal, Docket Entry [1], ¶ 3).

Plaintiff's Complaint for, among other things, untimely service. Id. Finally, on August 23, 2010, Defendants filed their Initial Disclosures. Docket Entry [6]. On September 17, 2010, Defendants filed the instant Motion to Dismiss. Docket Entry [12].

## II. **LEGAL ANALYSIS**

In their Motion to Dismiss, Defendants assert two arguments. First, Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff failed to timely serve Defendants before Defendants removed Plaintiff's action to this Court. According to Defendants, under Georgia law, Plaintiff was required to serve Defendants within five days of the filing of his Complaint or at a minimum "as quickly as possible." Plaintiff, however, took more than sixty days to serve Defendants. Second, Defendants argue that Plaintiff's claims are time-barred because Plaintiff did not serve Defendants within ninety days of Plaintiff's receipt of the Notice of Right to Sue from the United States Equal Employment Opportunity Commission ("EEOC"). Relying on Georgia procedural laws regarding the commencement of an action, Defendants contend that Plaintiff's filing of his Complaint did not toll the ninety-day statute of limitations because Defendants were not timely served.

In response, Plaintiff argues that this action is not time-barred because the statutory requirement to commence an action within ninety days of receipt of the Notice

of Right to Sue only applies to the filing, not the service, of the Complaint. Plaintiff

next argues that even though he did not serve his Complaint upon Defendants within

five days of filing this action or before the ninety-day limitations period expired, he

exercised reasonable diligence in serving Defendants, and therefore his Complaint

should not be dismissed for failing to timely serve Defendants. Further, Plaintiff argues,

now that this action has been removed, this Court may cure any defects in service.

Lastly, Plaintiff contends that even if this Court finds that Plaintiff failed to timely serve

Defendants, Defendants waived their untimely service defense by waiting over three

months after being served to object to the timeliness of service and by actively litigating

this action in the interim.

### A.    **Plaintiff's Complaint Is Not Time-Barred**

Addressing Defendants' second argument first, this Court agrees with Plaintiff

that this action is not time-barred simply because Plaintiff did not serve his Complaint

within ninety days of his receipt of the EEOC's Notice of Right to Sue. As Plaintiff

notes, in Pardazi v. Cullman Medical Center, 896 F.2d 1313 (11th Cir. 1990), the

Eleventh Circuit expressly declined to read a service of process requirement into the

4

plain language of 42 U.S.C. § 2000e-5(f)(1).[2] <u>Id.</u> at 1315-16. In disagreeing with the district court's decision that the plaintiff's complaint was time-barred because he failed to serve the complaint in accordance with Rule 4(j)'s 120-day service of process requirement, the Eleventh Circuit explained:

> The district court apparently considered Rule 4's service-of-process requirement to be part of, or bound up with, Title VII's ninety-day statute of limitations. That view, however, mischaracterizes section 2000e-5(f)(1). The plain language of that section and the Supreme Court opinion in <u>Baldwin</u> make clear that a Tile VII plaintiff complies with the ninety-day statute of limitations simply by filing the complaint.

<u>Pardazi</u>, 896 F.2d at 1315-16. The Eleventh Circuit went on to hold that the plaintiff had satisfied the requirements of 42 U.S.C. § 2000e-5(f)(1) by filing his complaint within the ninety-day limitations period. <u>Id.</u> at 1316.

Similarly, in <u>Robinson v. City of Fairfield</u>, 750 F.2d 1507 (11th Cir. 1985),

---

[2] 42 U.S.C. § 2000e-5(f)(1) provides, in relevant part:

If a charge filed with the Commission pursuant to subsection (b) of this section, is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . , whichever is later, the Commission has not filed a civil action under this section . . . , or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, . . . , shall so notify the person aggrieved and *within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved* . . . .

<u>Id.</u> (emphasis added).

another case Plaintiff cites, the defendant challenged the timeliness of the plaintiff's action, in part, because the plaintiff never served his original complaint, and he served his amended complaint after the ninety-day limitations period and after an additional thirty-day extension period that the court granted. Id. at 1512. In refuting the defendant's argument, the Eleventh Circuit noted that Title VII "does not mandate *service* on the defendant within ninety days, but rather merely the bringing of an action within that period. 42 U.S.C. § 2000e-5(f)(1). Baldwin held that this entails 'filing a complaint with the court,' . . . , which the plaintiff has done." Id. (emphasis in original).

Additionally, as referenced in Pardazi and Robinson, in Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984), the Supreme Court, borrowing from Rule 3 of the Federal Rules of Civil Procedure, established that a civil action is brought under 42 U.S.C. § 2000e-5(f)(1) when a complaint is filed with the court. Id. at 149.

Notwithstanding the standard established in Baldwin, which Pardazi and Robinson rely upon, Defendants argue that Pardazi and Robinson are inapposite because Federal Rule of Civil Procedure 3 does not apply when the plaintiff initially files an action in state court. According to Defendants, "Plaintiff tries to ignore the well-established rule of jurisprudence that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court, and then removed to federal court, even though the action arises from federal law."

6

(Defs.' Reply, Docket Entry [19], 2). Defendants further argue that the Eleventh Circuit did not consider state law service rules in <u>Pardazi</u> or <u>Robinson</u> because neither case was originally filed in state court and then removed to federal court. Defendants are mistaken.

As noted above, the Supreme Court's decision in <u>Baldwin</u> forecloses Defendants' argument. The Supreme Court made it clear that a Title VII action is brought pursuant to 42 U.S.C. § 2000e-5(f)(1) when it is commenced in accordance with Federal Rule of Civil Procedure 3. <u>Baldwin Cnty. Welcome Ctr.</u>, 466 U.S. at 149-50. This holds true even if the action was initially filed in state court. <u>See, e.g.</u>, <u>Murline v. Air Contact Transp., Inc.</u>, No. 08-1482, 2008 WL 2856398, at *2-3 (E.D. Pa. July 24, 2008) (evaluating the timeliness of the plaintiff's praecipe, which was initially filed in state court, by determining whether the praecipe was *filed* within the ninety-day limitations period); <u>Arbia v. Owens-Ill., Inc.</u>, No. 1:02 CV 00111, 2003 WL 21297330, at *3 (M.D.N.C. June 4, 2003) (evaluating whether the plaintiff's complaint, which was initially filed in state court, was *filed* within the ninety-day limitations period). The Supreme Court in <u>Baldwin</u> does not suggest that its conclusion about when an action is "brought" pursuant to 42 U.S.C. § 2000e-5(f)(1) is limited to only those actions initially filed in federal court. "The Federal Rules of Civil Procedure, and the Supreme Court's interpretation of those rules, clearly apply to Title VII actions." <u>Sinichak v. Tenn.</u>

<u>Valley Auth.</u>, 650 F. Supp. 310, 311 (M.D. Tenn. 1986) (citing <u>Baldwin Cnty. Welcome</u> <u>Ctr.</u>, 466 U.S. at 147).

Beyond that, Defendants do not point to any case law in the Title VII context to support their claim of the "well-established rule of jurisprudence that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court." None of the cases that Defendants cite in their brief discuss Title VII or offer examples of instances in which courts have looked to state law–particularly state procedural law–to interpret provisions of Title VII.[3]  To the contrary, courts routinely look to federal law and the Federal Rules of Civil Procedure when interpreting Title VII. <u>See, e.g.</u>, <u>Weldon v. Elec. Data Sys. Corp.</u>, 138 F. App'x 136, 138 (11th Cir. 2005) (assessing the timeliness of the plaintiff's complaint and noting that the plaintiff's "suit is based on Title VII, a federal law.  And Title VII contains a statute of limitations. <i>See</i> 42 U.S.C. § 2000e-5(f)(1).  Thus, federal law, not

---

[3] <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005) (discussing the Antiterrorism and Effective Death Penalty Act); <u>Herb v. Pitcairn</u>, 324 U.S. 117 (1945) (discussing the Federal Employers' Liability Act); <u>Bush v. Cheaptickets, Inc.</u>, 425 F.3d 683 (9th Cir. 2005) (discussing the Class Action Fairness Act); <u>Winkels v. George A. Hormel &</u> <u>Co.</u>, 874 F.2d 567 (8th Cir. 1989) (discussing the Labor Management Relations Act and the National Labor Relations Act); <u>Cannon v. Kroger Co.</u>, 837 F.2d 660 (8th Cir. 1988) (same); <u>Dravo Corp. v. White Consol. Indus.</u>, 602 F. Supp. 1136 (W.D. Pa. 1985) (discussing various state law claims, including breach of contract, breach of warranty, and trespass).

Georgia law, provides the applicable limitations period."); Calderon v. Martin County, 639 F.2d 271, 272-73 (5th Cir. 1981) (reversing the district court's dismissal of the plaintiff's action because "a plaintiff's status as an employee under Title VII is a question of federal, rather than state, law; it is to be ascertained through consideration of the statutory language of the Act, its legislative history, existing federal case law, and the particular circumstances of the case at hand.");[4] Draper v. U.S. Pipe & Foundry, 527 F.2d 515, 522 (6th Cir. 1975) ("Title VII provides specific time periods for the filing of a charge with the EEOC and for commencing a civil action after receipt of the right-to-sue letter. 42 U.S.C. § 2000e-5(e, f). Title VII establishes its own statute of limitations, and state law is irrelevant in determining whether a private individual has lost his right of action under Title VII through the passage of time.").

Since Defendants do not contend that Plaintiff filed his Complaint outside of the ninety-day limitations period, this Court concludes that Plaintiff's Complaint was timely filed. See Pardazi, 896 F.2d at 1316 (holding that the plaintiff had satisfied the requirements of 42 U.S.C. § 2000e-5(f)(1) by filing his complaint within the ninety-day limitations period). Therefore, Defendants' request to dismiss Plaintiff's Complaint as

---

[4] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent, all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

time-barred should be denied.

**B.** **Plaintiff Failed To Timely Serve Defendants**

Even though this Court concludes that Plaintiff's Complaint is not time-barred, this action still should be subject to dismissal because Plaintiff failed to exercise reasonable diligence in serving Defendants. As an initial matter, the parties do not dispute that Georgia law applies to determine whether Plaintiff timely served Defendants because Defendants were served while this action was pending in DeKalb Superior Court. See Webster v. Western Express, Inc., No. 5:05-CV-350 (WDO), 2007 WL 2782457, at *2 (M.D. Ga. Sept. 21, 2007) ("Since . . . service was made prior to removal, state law determines whether service was effective."); Mattive v. Allstate Ins. Co., No. CV494-54, 1994 WL 676723, at *2 (S.D. Ga. Nov. 18, 1994) ("In cases removed from state court to federal court, whether state or federal service of process standards apply depends on when the attempt or attempts at service were made. If the Plaintiff attempted to serve the Defendant prior to removal, federal courts must apply state law in determining whether the service was adequate.").

Under Georgia law, when a complaint is filed within the applicable statute of

limitations period, but not served within five days[5] or within the limitations period, then the plaintiff must establish that he or she acted in a reasonable and diligent manner in attempting to ensure that proper service was effected as quickly as possible. Moreno v. Taylor, 699 S.E.2d 838, 839 (Ga. App. 2010) (internal citation omitted). The plaintiff bears the burden of showing that he or she exercised due diligence. Id. at 839-40. In meeting this burden, "[t]he time period alone does not establish diligence. Rather, the plaintiff must provide specific dates or details to show diligence and cannot rely on conclusory statements." Jones v. Brown, 683 S.E.2d 76, 78 (Ga. App. 2009) (internal citation omitted). "[U]nexplained lapses in attempting service indicate a failure to pursue service in a reasonably diligent manner." Williams v. Patterson, 703 S.E.2d 74, 77 (Ga. App. 2010) (internal citation omitted).

Plaintiff argues that he was diligent in his efforts to serve Defendants. To demonstrate his diligence, Plaintiff provides an affidavit from one of his attorneys, G. Franklin Lemond, Jr. In the affidavit, Mr. Lemond explains that Plaintiff originally filed

---

[5] O.C.G.A. § 9-11-4(c) provides, in relevant part:

When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service.

this action in the DeKalb Superior Court because a substantial portion of the events that form the basis of this action took place in DeKalb County, Georgia at Defendant Mighty Muffler of Candler Road, Inc.'s place of business. (Lemond Aff., Docket Entry [17-1], ¶ 4). However, Defendants' registered agent is located in Rockdale County, Georgia. (Id. ¶ 5). Mr. Lemond knew that in order to serve the registered agent in a different county from where the action was filed, he was required to obtain a summons from the Clerk of DeKalb Superior Court, and then send a copy of the summons and the Complaint to the Rockdale County Sheriff's office[6] for service upon Defendants. (Id. ¶¶ 6-7). Therefore, when Mr. Lemond filed the action in DeKalb Superior Court on April 19, 2010, he included duplicate copies of the Complaint and summons. (Id. ¶ 8). When the Dekalb Superior Court returned the file-stamped duplicate copies of the Complaint to Mr. Lemond, it did not include executed summonses. (Id. ¶ 9). Mr. Lemond then instructed his clerk to write to the Clerk of DeKalb Superior Court to request executed summonses for Defendants. (Id. ¶ 10). On June 10, 2010, Mr. Lemond received the summonses from the Clerk's office. (Id. ¶ 11). That same day, Mr.

---

[6] In his affidavit, Mr. Lemond actually states that the summons and a copy of the complaint needed to be sent to the Bartow County Sheriff's office for service upon Defendants. This Court assumes that Mr. Lemond meant Rockdale County as that is where the registered agent is located, and there is no other reference to Bartow County in Mr. Lemond's affidavit.

Lemond sent the summonses and copies of the Complaint to the Rockdale County Sheriff's office for service upon Defendants.  (<u>Id.</u> ¶ 12).  On June 21, 2010,[7] the Rockdale County Sheriff's office perfected service upon Defendants' registered agent. (<u>Id.</u> ¶ 13).

In their reply, Defendants do not dispute the facts set forth in Plaintiff's attorney's affidavit.  Instead, Defendants rely on the following four cases in which the Georgia Court of Appeals affirmed dismissals because the plaintiffs failed to exercise diligence in timely serving the defendants: (1) <u>Kelley v. Lymon</u>, 632 S.E.2d 734 (Ga. App. 2006); (2) <u>Atcheson v. Cochran</u>, 677 S.E.2d 749 (Ga. App. 2009); (3) <u>Nee v. Dixon</u>, 405 S.E.2d 766 (Ga. App. 1991); and (4) <u>Walker v. Hoover</u>, 383 S.E.2d 208 (Ga. App. 1989). Defendants argue that Plaintiff's explanation for the delay in service in this case is far less compelling than the factual scenarios presented in the cases to which they cite. This Court is persuaded by Defendants' argument.   Therefore, this Court will briefly summarize the four cases here.

In <u>Kelley</u>, the sheriff attempted to serve the defendant after the plaintiff filed suit,

---

[7] In his affidavit, Mr. Lemond states that the Sheriff perfected service on April 21, 2010.  However, based on the language in ¶¶ 11-12, this Court assumes that Mr. Lemond meant June 21, 2010.  Also, the Sheriff's Entry of Service form attached to Plaintiff's brief is dated June 21, 2010.  Docket Entry [17-2].

but the defendant had moved without leaving forwarding information. Id. at 735. The plaintiff hired a private investigator/skip tracer to locate the defendant, but the investigator was unsuccessful. Id. The plaintiff then attempted to engage in discovery with the defendant by serving discovery requests, noticing the defendant's deposition, filing a motion to compel the defendant to respond to the discovery requests, and filing a motion for an order to take the defendant's deposition so that the plaintiff could determine the defendant's whereabouts to effect service. Id. In affirming dismissal, the Georgia Court of Appeals noted that the plaintiff did little to attempt to serve the defendant after the private investigator failed to locate him. Id. at 736. The court also disapproved of the plaintiff's efforts to shift the burden of locating the defendant to the trial court by asking that the trial court compel the defendant to appear for a deposition so that the plaintiff could effect proper service. Id. Thus, the court found that the plaintiff's efforts did not constitute reasonable diligence. Id.

In Atcheson, the plaintiffs' attorney began searching for the defendants, a married couple, before filing suit. The attorney ran an inconclusive computer skip trace on the defendants, and then learned that the wife-defendant listed a post office box as her current address in connection with a pending criminal matter. Id. at 750. On May 6, 2008, the attorney hired a private investigator to locate and serve the defendants. Id. at

14

750-51.  On May 21, 2008, the investigator unsuccessfully attempted to serve the defendants twice: once at an address he had obtained from a change-of-address form that the wife-defendant had executed in her criminal case, and once at an address he obtained through a skip trace.  Id. at 751.  The investigator then twice contacted the wife-defendant, and she agreed that she and her husband would meet him, but they did not appear either time.  Id.  On May 23, 2008, the investigator again unsuccessfully attempted to serve the wife-defendant at yet another address he had obtained for her.  Id.  After concluding that the wife-defendant provided an inaccurate address in her criminal proceeding and that the wife-defendant was attempting to avoid service, the investigator contacted the authorities to inquire about the status of the wife-defendant's criminal proceedings.  Id.  The investigator was told that criminal charges were still pending, but no hearings were scheduled.  Id.  The private investigator reported to the plaintiffs' attorney in early June 2008 about his efforts.  Id.  The attorney then began looking for other private investigators to locate and serve the defendants.  Id.  On July 8, 2008, the plaintiffs' attorney hired a second private investigator.  Id.  The second investigator performed a skip trace on the wife-defendant on July 16, 2008, and then decided that it was necessary to 'let the dust settle' before attempting to serve the defendants again.  Id.  On August 21, 2008, the second investigator attempted to serve

the defendants at yet another address. Id. That time, process was accepted by the wife-defendant's mother, who said that the wife resided with her and that she would give the papers to the wife when she returned home the following day. Id. The Georgia Court of Appeals found that the plaintiffs initially made diligent efforts to locate and serve the defendants; however, the court faulted the plaintiffs for (1) not seeking an order from the court to permit service by publication, given the defendants' evasive behaviors; (2) allowing approximately one month to pass before hiring the second investigator; and (3) failing to take any action for one month per the second investigator's advice to 'let the dust settle." Id. at 752. While noting that the evidence in the record may have supported a different conclusion, the court nevertheless held that the trial court did not abuse its discretion in dismissing the plaintiffs for failing to timely serve the defendants. Id.

In Nee, the plaintiff filed suit in Fulton County, Georgia, and in her complaint, the plaintiff provided two addresses for the defendant, one of which was the address listed in the police report from the automobile collision about which the plaintiff was suing. Id. at 767. The following week, the sheriff's department returned the process forms to the plaintiff stating that neither of the two addresses was in Fulton County. Id. On August 14, 1989, the plaintiff obtained the appointment of a special process server.

16

Id. The special process server claimed that the defendant's street was not listed on maps of either the city of Atlanta or Fulton County. Id. The special process server consulted with law enforcement officials in several jurisdictions, but initially none were able to locate the defendant's street. Id. Finally, the police from one jurisdiction were able to find the defendant's address in Fulton County. Id. The special process server served the defendant on February 4, 1990, 205 days after the statute of limitations period expired. The defendant testified that he had lived at the Fulton County street address continuously for nine years prior to the date he was served, and he was not transient. Id. The Georgia Court of Appeals found no abuse of discretion in the trial court's decision to dismiss the plaintiff's action because even though the sheriff's department gave the plaintiff erroneous information about where the defendant lived, the plaintiff knew of the defendant's correct address at all times, and therefore had a duty to ascertain the county in which the defendant lived before she filed suit. Id. at 767-68. Also, the Court of Appeals did not relieve the plaintiff of her obligation to diligently serve the defendant simply because a special process server was appointed or because the sheriff's department made an error. Id. at 768.

Similarly, in Walker, the plaintiffs and the defendant were involved in an automobile collision. At the time of the collision, the defendant provided the police

17

officer with his correct name, home address, and telephone number, all of which were correctly recorded in the police report. Id. at 208. The defendant continued to live at the Clayton County, Georgia address he provided and continued to have the same telephone number that appeared in the accident report. Id. The plaintiff filed suit on December 17, 1987, a few weeks prior to the expiration of the limitations period in Henry County, Georgia. Id. On December 22, 1987, the sheriff's department marked on the return of service that the defendant was not found within the jurisdiction of the court. Id. at 208-09. On February 15, 1988, the plaintiffs' attorney wrote to the Sheriff of Henry County to confirm that the defendant resided at the address shown on the complaint and to suggest that service be attempted at night. Id. at 209. On February 22, 1988, the sheriff's department again marked on the return of service that the defendant was not found within the court's jurisdiction. Id. Sometime before March 7, 1988, the plaintiffs' attorney learned from the sheriff's department that the defendant resided in Clayton County. Id. The plaintiffs' attorney asked the sheriff's department to return the complaint so that it could be served in Clayton County. Id. On April 5, 1988, the defendant was served. Id. In affirming the trial court's decision to dismiss the plaintiffs' action, the Georgia Court of Appeals did not allow the plaintiff to rely on alleged misinformation from postal authorities and the failure of the sheriff's department

to advise the plaintiffs as to the county in which the defendant lived to excuse the plaintiff's lack of diligence in serving the defendant. Id.

To rebut the cases Defendants rely upon, Plaintiff points this Court to two cases: Lloyd v. Tyson, 392 S.E.2d 551 (1990) and Lee v. Kim, 622 S.E.2d 99 (2005). In Lloyd, the plaintiff filed suit on October 25, 1985, but did not effect service until January 1988. Id. at 551. At the time the plaintiff filed suit, the defendant left the county leaving no forwarding address. Id. The plaintiff's attorney represented the defendant's mother on another matter. Id. The attorney asked the mother if she knew of the defendant's whereabouts and was told that the defendant was somewhere in North Carolina. Id. The attorney regularly followed-up with the mother every two months to inquire as to whether the mother knew of the defendant's address. Id. The plaintiff's attorney also asked the mother to advise him if the defendant returned to the county. Id. In November 1987, the attorney obtained an address in Charleston, South Carolina for the defendant, and unsuccessfully attempted service. Id. at 551-52. Thereafter, the attorney learned that the defendant would be in the county at Christmas, and the attorney personally attempted to serve the defendant, but missed her. Id. at 552. Finally, the attorney obtained a new address for the defendant, and service was perfected in January 1988. Id. The trial court found that the plaintiff had exercised due diligence in effecting

service, and the Georgia Court of Appeals affirmed, finding no abuse of discretion. Id.

In Lee, the plaintiff filed suit two days before the expiration of the applicable statute of limitations. Id. at 100. The plaintiff listed the correct address for the defendant in the complaint and in the return of service form that was given to the sheriff's office for service. Id. The sheriff's office received the service papers the day after the plaintiff filed suit; however, a deputy did not serve the summons and the complaint until eleven days later. Id. At the time of service, the statue of limitations had expired. Id. In reversing the trial court's decision, the Georgia Court of Appeals concluded that the plaintiff had done all that was required of him by supplying the sheriff's office with the correct service address for the defendant, and that the plaintiff was justified in relying on the sheriff to perform his duty to serve process within five days of receiving the process papers, especially since the plaintiff did not receive notice of any problem in perfecting service. Id. at 101.

Considering the evidence Plaintiff presented and the controlling case law, this Court does not find that Plaintiff exercised diligence in serving Defendants while this action was pending in the DeKalb Superior Court. First, Plaintiff cannot rely on Lee as the Rockdale County Sheriff's office is not principally responsible for the delay in service. According to Plaintiff, the Rockdale County Sheriff's office perfected service

on Defendants within eleven days of receiving the service papers. (Lemond Aff. ¶ 13.) Even excluding the eleven-day period of time in which the Complaint and summons were in the possession of the Rockdale County's Sheriff's office, there was still a delay of fifty-two days between Plaintiff's filing of the Complaint and Plaintiff's service of the Complaint on Defendants.[8]

Plaintiff attempts to explain the delay through the affidavit of his attorney, Mr. Lemond. However, other than providing the date the Complaint was filed and the date Plaintiff's attorney received the summonses from the court, Plaintiff does not provide the actual dates for any of the important, intervening events that took place. This Court cannot adequately assess Plaintiff's purported diligence because, for example, this Court does not know when Plaintiff first realized that the Clerk's office had not returned the executed summonses, or how quickly Plaintiff followed-up with the court in writing to request the executed summonses. Plaintiff's failure to provide specific dates cuts against a finding of diligence. See Jones, 683 S.E.2d at 78 ("[T]he plaintiff must provide specific dates or details to show diligence.").

---

[8] According to Plaintiff, he filed the instant action on April 19, 2010. (Lemond Aff. ¶ 8.) Defendants were served on June 21, 2010. Docket Entry [17-2]. Thus, sixty-three days elapsed between the filing of the Complaint and the service of the Complaint upon Defendants.

From the information Plaintiff did provide, Plaintiff took only one action during the fifty-two day period between the filing of the Complaint and the receipt of the summonses: Plaintiff's attorney instructed his assistant to write to the DeKalb Superior Court once he realized that he did not receive executed summonses from the court. Other than that, it seems that Plaintiff simply waited for the Clerk's office to "eventually" take action. Plaintiff's single act in the fifty-two day period towards effecting service pales in comparison to the multiple actions the plaintiffs took in Kelley, Atcheson, Nee, and Walker to effect service, but which the Georgia Court of Appeals found to be insufficient to avoid dismissal. Given the fact that the statute of limitations was set to expire shortly after Plaintiff filed his Complaint, Plaintiff needed to be diligent to quickly effect service. Once Plaintiff became aware of the Clerk's office's error, rather than writing to the court and waiting for a response, a more prudent course of action would have been to drive to the DeKalb Superior Court to pick up the missing summonses.[9] Plaintiff's failure to act while simply waiting on the Clerk's office further supports a finding of lack of reasonable diligence. See Williams, 703 S.E.2d at

---

[9] According to MapQuest, Plaintiff's attorney's office, which is located at 1900 The Exchange in Atlanta, Georgia, 30339, is within less than a one-hour's drive of the DeKalb Superior Court Clerk's office, which is located at 556 North McDonough Street, Decatur, Georgia, 30030.

77 ("[U]nexplained lapses in attempting service indicate a failure to pursue service in a reasonably diligent manner."); see also Atcheson, 677 S.E.2d at 752 (faulting the plaintiffs for two one-month periods during which the plaintiffs took no action to effect service upon the defendants).

Furthermore, Plaintiff's failure to promptly serve Defendants is not cured by placing blame on the Clerk's office for not returning the summonses to him, particularly where, as here, Plaintiff could have taken other actions to more quickly obtain the summonses. See Nee v. Dixon, 405 S.E.2d at 767-68 (plaintiff not relieved of obligation to diligently serve the defendant simply because the sheriff's office gave the plaintiff erroneous information on where the defendant lived); Walker v. Hoover, 383 S.E.2d at 209 (plaintiff not relieved of obligation to diligently serve the defendant simply because she received incorrect information from the postal authorities or because the sheriff failed to advise the plaintiff of the defendant's whereabouts).

Lastly, unlike the plaintiffs in Kelley, Atcheson, Nee, Walker, and Lloyd, Plaintiff here makes no claim that he did not have the correct address for Defendants' registered agent, that he did not know where in Rockdale County Defendants' registered agent's address was actually located, or that Defendants' registered agent evaded service. In fact, once Plaintiff forwarded the Complaint and summons to the Rockdale County

23

Sheriff's office, Defendants' registered agent apparently was served without incident. Consequently, in light of applicable law, this Court is unable to find that Plaintiff has demonstrated that he exercised reasonable diligence in serving Defendants while this action was pending in DeKalb Superior Court.

**C.     Defendants Have Not Waived Their Right To Challenge Plaintiff's Service of Process By Participating In This Action**

Plaintiff also contends that Defendants waived their right to challenge the untimely service because they waited more than three months after being served to object to service and because they participated in the litigation in the meantime.  This Court has previously rejected a similar argument in Clark v. City of Zebulon, 156 F.R.D. 684 (N.D. Ga. 1993).  In Clark, the plaintiff conceded that he failed to serve the city-defendant within the 120 days provided for in Federal Rule of Civil Procedure 4.  Id. at 693. However, the plaintiff argued that the defendant waived the defense of insufficient service of process because the defendant, among other things, "actively participated in discovery after filing its responsive pleadings; and . . . participated fully with the other parties in the drafting of joint statements to be filed with the court pursuant to the Local Rules."  Id.  The Court found that neither of these actions constituted a waiver of the defense.  Id.  Instead, "these actions . . . constitute responsible representation by counsel

who keeps its options open and who is proceeding in the interest of both his client and justice." Id. In addition, the Court found that the defendant had adequately put the plaintiff on notice of a service of process issue by raising the defense in its first responsive pleading and in its amended responsive pleading. Id. Likewise, in this case, Defendants raised the insufficient service of process defense in their Answer, which they filed on July 20, 2010, just six days after they removed Plaintiff's action to this Court. Docket Entry [2]. Defendants again raised the service of process issue in the Joint Preliminary Report, which the parties filed on August 19, 2010. Docket Entry [5]. Therein, Defendants advised Plaintiff and this Court that they intended to move to dismiss Plaintiff's Complaint for failure to timely serve Defendants. Thus, Defendants' Motion to Dismiss filed on September 17, 2010, should not have been a surprise to Plaintiff.

Plaintiff cites to Regions Bank v. Britt, 642 F. Supp. 2d 584 (S.D. Miss. 2009) and In re Complaint of Rationis Enters., Inc. of Panama, 210 F. Supp. 2d 421 (S.D.N.Y. 2002) in support of his argument that Defendants' participation in the litigation resulted in waiver of their insufficient service of process defense. Neither of these cases is binding precedent for this Court, and neither of the courts in these cases found that the defendants waived an insufficient service of process defense by participating in

25

litigation in the same manner as Defendants here.  Accordingly, Defendants should not be found to have waived their insufficient service of process defense.

**D.    This Court Cannot Otherwise Correct Plaintiff's Service Defects**

At the end of his response, Plaintiff suggests that this Court has the power to correct any defects in service of process for cases that have been removed from state courts.  See 28 U.S.C. § 1448.[10]  However, other than referencing the statute from which this power is derived, Plaintiff does not explain why or how this Court should use this power to allow him to correct the defective service.  Accordingly, Plaintiff's request should be denied.

## CONCLUSION

For the reasons stated above, this Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.  Docket Entry [12].  As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is

---

[10] 28 U.S.C. § 1448 states:

In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

26

directed to terminate the reference to the undersigned.

**SO REPORTED AND RECOMMENDED**, this __6th__ day of June, 2011.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PATTERSON, | ) | |
| On behalf of himself and all others | ) | Civil Action No. |
| similarly situated, | ) | 1:10-cv-02176-RWS-LTW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| MIGHTY MUFFLER SHOP, INC., | ) | |
| MIGHTY MUFFLER OF CANDLER | ) | |
| ROAD, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible

for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983), <u>cert. denied</u> 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this ___6th___ day of June, 2011.


s/Linda T. Walker_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE