**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER PATTERSON on behalf of himself and all others similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:10-CV-2176-RWS |
| v. | : : | |
| MIGHTY MUFFLER SHOP, INC. and MIGHTY MUFFLER OF CANDLER ROAD, INC., | : : : : | |
| Defendants. | : | |

**ORDER**

This case is before the Court for consideration of the Final Report and Recommendation ("R&R") [22] of Magistrate Judge Linda T. Walker. Following the issuance of the R&R, Plaintiff filed Objections [23] thereto and Defendant filed a Reply Brief [24]. After reviewing the entire record, the Court enters the following Order.

With the exception of Section II.D. of the R&R, the Report and Recommendation is received with approval and adopted as the Opinion and Order of this Court. Thus, Plaintiff's Objections to those portions of the R&R

that are adopted are **OVERRULED**.  However, with regard to Section II.D, the Court **SUSTAINS** Plaintiff's Objections for the following reasons.

"In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed.  After removal, the sufficiency of service of process is determined according to federal law."  Rentz v. Swift Transp. Co.,  Inc., 185 F.R.D. 693, 696 (M.D. Ga. 1998) (citing 28 U.S.C. 1448).  Specifically, in cases removed from a state court "in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."  28 U.S.C. § 1448.  In those instances, the 120 days within which Federal Rule of Civil Procedure 4(m) requires service to be perfected begins to run on the date of removal.  Dees v. Washington Mutual Bank, No. 1:10-CV-0045(CAR), 2010 WL 5349865 (M.D. Ga. Dec. 21, 2010).

In the present case, Defendants were served with process while the action was pending in state court.  However, that service was defective under Georgia law as untimely.  Other than the timeliness of the service, the service was not defective in any other way.  After Defendants were served, they removed the action to this Court, and Plaintiff has made no further attempts at service.

2

In his Response to Defendants' Motion to Dismiss, Plaintiff argued that even if service were defective under Georgia law, this "Court has the statutory power [pursuant to 28 U.S.C. § 1448] to correct any defects in service of process for cases that are removed from state courts." Pl. Brief [17] at 13. Plaintiff did not suggest how the defect should be corrected, and thus, the R&R concluded that the request to correct the defect should be denied. In his Objections [23] to the R&R, Plaintiff asserted that his request should not have been denied because he did not propose a specific correction. Objections [23] at 13. Plaintiff argued that the Court has the inherent power to order that Defendants be re-served, and therefore, dismissal was not required. Id. at 14.

In their Reply [24] to Plaintiff's Objections, Defendants cite several cases in which courts have denied relief pursuant to § 1448 when plaintiffs fail to take affirmative steps to perfect service within 120 days after removal. Relying on these cases, Defendants assert that because Plaintiff has made no effort to serve Defendants after removal, he is not entitled to relief pursuant to § 1448. However, in each of the cases relied upon by Defendants, the defects in service in state court went to the actual service on the defendants not merely the timeliness of that service. In McHaffie v. Wells Fargo Bank, No. 3:10-CV-103(CDL), 2011 WL 2174407, (M.D. Ga. June 2, 2011), there was no evidence

3

in the record that the defendants were ever served in the state court.  Nor did the plaintiff make any effort to serve the defendants after removal.  In Dees v. Washington Mutual Bank, No. 1:10-CV-0045(CAR), 2010 WL 5349865 (M.D.Ga. Dec. 21, 2010), plaintiff made no attempt to serve one defendant in state court and as to the other defendant, plaintiff simply faxed a copy of the complaint to a law firm that was not the agent for service for that defendant.  No attempt at service was made after removal.  In Igbinigie v. Wells Fargo Bank, No. 3:08-CV-58(CDL), 2008 WL 4862597(M.D.Ga. Nov. 10, 2008), the plaintiff simply mailed a copy of the complaint and a defective summons to defendant's Iowa office while the case was pending in state court.  No service was attempted after removal.

As noted above, in the present case the requirements for proper service in state court were met as to both Defendants, except that the service was not timely.  Had the case been pending in federal court at the time, service would have been sufficient.  Thus, before the case was removed, Plaintiffs had provided Defendants with all of the notice to which they would have been entitled under the Federal Rules.  The question before the Court is whether Plaintiff should nonetheless have his claims dismissed.  Defendants complain that they did not receive proper service under the Federal Rules within 120 days

4

of removal. As a practical matter, Defendants received notice before removal. The Court recognizes that Defendants were served with a summons issued by the state court and technically service was not perfected under the Federal Rules. However, this places form over substance. While the Court agrees that Plaintiff should have addressed this issue in a more timely fashion, the Court does not find that Plaintiff should be denied an opportunity to assert his claims under these circumstances.

Therefore, Defendants' Motion to Dismiss [12] is **DENIED**. Plaintiff is granted an extension of time within which to serve Defendants. If Defendants do not acknowledge service of process within 14 days of the entry of this Order, Plaintiff shall have 21 days thereafter in which to serve Defendants.

**SO ORDERED**, this  26th  day of September, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE